UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ASSEMBLERS, INC., )<br>    *Plaintiff*, )<br> )<br>v. )<br> )<br>DUN ASSEMBLY & LABOR, INC., )<br>    *Defendant*. ) | Case No. 1:20-cv-00342<br><br>Judge Christopher H. Steger |

## MEMORANDUM AND ORDER

This matter arises from a fee disagreement. Plaintiff Assemblers, Inc. ("Assemblers") has submitted an affidavit for attorney fees in the amount of $18,200.50 for fees incurred to prepare and file a "proof of damages" and to respond to Defendant's motion to set aside entry of default. Defendant Dun Assembly & Labor, Inc. ("Dun Assembly") objects to these fees on the basis that the amount is excessive. [Doc. 24, Dun Assembly's Objections]. Dun Assembly's objections are ripe for review. For the reasons stated herein, the Court agrees that the amount of fees requested is somewhat excessive and will award Assemblers reasonable attorney fees in the amount of $13,650.00.

By way of background, after Dun Assembly failed to answer or otherwise respond to the complaint, the Court entered a default against it and ordered Assemblers to prepare a "proof of damages." [Doc. 13, April 14, 2021 Order]. A month and a half later, Dun Assembly filed a motion to set aside default [Doc. 21]. Assemblers responded [Doc. 23]. Subsequently, the Court set aside the default; however, as a condition, the Court imposed sanctions against Dun Assembly "in the form of attorneys' fees which Plaintiff incurred in relation to (1) preparing and filing proof of damages and (2) responding to Defendant's motion to set aside entry of default." [Doc. 24, July 29, 2021 Order at 7]. Assemblers then filed its affidavit seeking attorney fees in the amount of

$18,200.50.

Dun Assembly does not contest that the Court has discretion to award reasonable attorney fees as a condition to setting aside the default. Nor does Dun Assembly contest the hourly rate charged by the two attorneys and one paralegal acting on Assemblers' behalf.[1] Rather, Dun Assembly asserts that the number of hours is excessive due to duplicative efforts by two attorneys working on the same case.

In general, the starting point for calculating attorney fees under a fee shifting statute is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Hescott v. City of Saginaw*, 757 F.3d 518, 526 (6th Cir. 2014); *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir.1994). This method is known as a lodestar calculation. *Hescott*, 757 F.3d at 526; *Wayne*, 36 F.3d at 531. The fee request must be considered on the facts of each case. *Hensley,* 461 U.S. at 437. "The court should [ ] exclude excessive, redundant, or otherwise unnecessary hours." *Hescott*, 757 F.3d at 526. The party seeking attorney fees under a federal fee shifting statute bears the burden to document the fees requested. *Hensley*, 461 U.S. at 437. In the instant case, Fed. R. Civ. P. 55(a) serves as the federal fee shifting statute.

The Court has reviewed the invoices submitted and agrees that there is some overlap in work between the two attorneys in the case. The following two time entries illustrate the circumstance often encountered when more than one attorney is assigned to work on a case—some overlap is inevitable: M.D. billed 1.30 hours on April 14, 2021, for the following: "Reviewing order granting default judgment; conferring with H.M. regarding same, researching potential avenues of proving damages; corresponding with client." [Doc. 25-1, Invoice, Page ID # 231].

---

[1] Attorney M.D. billed $335 an hour, attorney H.M. billed $315 an hour, and paralegal Katie Smith billed $215.00 an hour.

Attorney H.M. billed 1.4 hours on April 20, 2021, for the following: "Research re: quantifying damages; communicate with [M.D.] re: the same; communicate with client re: [redacted]; draft email to client re: [redacted]." The entries show both attorneys researched the damages issue and both attorneys communicated with the client about it. Further, H.M. communicated with M.D. regarding her findings. There appears to be some overlap in these two entries.

While the general starting point for fee calculation is the lodestar method, a court is not required to comb through the attorney fee documentation with a magnifying class. As the Supreme Court stated in *Fox v. Vice*, 563 U.S. 826, 838 (2011):

> [w]e emphasize, as we have before, that the determination of fees "should not result in a second major litigation." *Hensley*, 461 U.S., at 437, 103 S. Ct. 1933. The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award." *Ibid.* But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

Rather than act as a "green-eyeshade accountant"[2] working to achieve auditing perfection, the Court will cut the total fees requested by one quarter to reach an equitable result for both parties. Accordingly, it is **ORDERED** that:

Plaintiff Assemblers, Inc. is **AWARDED** $13,650.00 against Defendant Dun Assembly & Labor, Inc. for attorney fees which Plaintiff incurred in relation to preparing and filing its proof of damages and responding to Defendant's motion to set aside entry of default.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Acknowledging the risk that this illustration may incent the accounting community to accuse judges of wearing powdered wigs, the Court does recognize that (some) accountants (may) have graduated past the use of "green-eyeshades"; the image, however, is useful to buttress the Court's point.